# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 17 MC 7130
IN THE MATTER OF THE SEARCH OF THE CELLULAR )
TELEPHONE ASSIGNED CALL NUMBER (504) 669-5549 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the    Eastern    District of    Louisiana   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with intent to distribute Controlled Substances |
| 21 U.S.C. 843(b) | Use of a communication device in furtherance of a drug trafficking crime |
| 21 U.S.C. 846 | Conspiracy to possess with intent to distribute Controlled Substances |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Brian Mariana
*Applicant's signature*

Special Agent Brian Mariana, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    7/26/17

City and state:  New Orleans, Louisiana

*Judge's signature*

Honorable Michael B. North, United States Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE

I, Brian Mariana, being first duly sworn, hereby depose and state as follows:

1. Your affiant is a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), United States Department of Justice, currently assigned to the DEA, New Orleans Field Division. Your affiant has over twenty (20) years of law enforcement experience, including eighteen (18) years as a DEA Special Agent. During that time, your affiant has authored or co-authored more than thirty (30) federal Court Authorized wire and electronic intercepts, in addition to having monitored and reviewed tens of thousands of intercepted telephone conversations and text messages between drug traffickers.

2. Your affiant has participated in other investigations involving drug trafficking violations, including, but not limited to, the distribution, importation, manufacturing, and possession with the intent to distribute illegal controlled substances, and conspiracy to the above, as well as the use of communication facilities such as telephones, digital telephone pagers, and other like facilities that are commonly used to facilitate drug law violations.

3. Your affiant is an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7).

4. This Affidavit is based upon personal knowledge derived from your affiant's participation in this investigation and including information from the following reliable sources:

    a. Oral reports about this and other investigations that your affiant has received from members of DEA and the New Orleans Police Department ("NOPD");

    b. Physical surveillance conducted by DEA and NOPD that has been reported to your affiant directly or indirectly;

    c. Public records;

   d.   Review of pen register and trap and trace information, telephone call records, and subscriber information; and

   e.   Telephone calls and text messages intercepted during recent court authorized wire and electronic intercepts of telephones used by Thaddeus CARTER, Nathaniel LOUIS, and Dwayne JOHNSON.

## REQUESTED WARRANT AND ORDER

5.   This Affidavit is submitted in support of an Application for a Warrant pursuant to Rule 41 of the Federal Rule of Criminal Procedure, and an Order pursuant to 18 U.S.C. § 2703(c)(1)(A), to authorize agents of DEA to ascertain the physical location of the cellular telephones described below by obtaining information including, but not limited to, E-911 Phase II (Precise Location) data, for a period of thirty (30) days:

   a.   **Target Telephone**: assigned call number **(504) 669-5549**, service provided by Sprint. The **Target Telephone** is subscribed and billed to DSGSGS GDASSFSAGFA, at PO BOX 15955, LENEXA, KS 66285.

Based on intercepted text messages and phone calls captured during the court-authorized wire and electronic intercept of 504-352-2835, used by New Orleans heroin distributor Nathaniel LOUIS, your affiant believes that the **Target Telephone** is used by an unidentified male, FNU LNU, who supplies LOUIS with quantities of heroin.

6.   Since this affidavit is being submitted for the aforementioned limited purpose, your affiant has not included each and every fact known to your affiant concerning this investigation, but has set forth the facts that your affiant believes are essential to establish the foundation for obtaining the Warrant and Order.

7. Based upon your affiant's training, experience, and participation in numerous investigations involving the implementation of court-authorized wire intercepts of cellular telephones utilized by drug traffickers, and based upon your affiant's work with other experienced law enforcement agents, your affiant has determined that violators of federal controlled substance laws commonly rely on their cellular telephones to communicate with their criminal associates and drug suppliers to facilitate the purchase, sale, transportation, and distribution of controlled substances. As such, these drug traffickers generally have their cellular telephones on their person or at least keep them in close proximity in order to conduct their criminal activities.

## INVESTIGATIVE FACTS

8. During a lengthy investigation involving multiple undercover heroin purchases, along with a series of court-authorized wire and electronic intercepts, Nathaniel LOUIS has been identified as a heroin distributor in the New Orleans metropolitan area. On July 10, 2017, and July 19, 2017, respectively, United States District Judge Jay C. Zainey authorized the wire and electronic intercept of telephone numbers (504) 224-3967 and (504) 352-2835, both utilized by LOUIS. Monitoring of communications over these telephone numbers is on-going. The wire and electronic intercepts have indicated that LOUIS is supplied with heroin from multiple sources, some of which have not been fully identified.

9. For instance, on July 22, 2017, at approximately 1:51 p.m., the wire and electronic intercept monitoring (504) 352-2835, utilized by LOUIS, captured an outgoing call to the **Target Telephone**, used by FNU LNU. During the intercepted conversation, LOUIS asked FNU LNU **"I can talk on this phone?"** Your affiant believes that, in essence, LOUIS was asking FNU LNU if it was safe to discuss criminal activity over the **Target Telephone**. Your affiant believes that FNU

LNU informed LOUIS that he was comfortable discussing criminal activity over the **Target Telephone** when FNU LNU replied to LOUIS' question by saying, "Yeah."

10.     As the same conversation continued, your affiant believes that LOUIS informed FNU LNU that he (LOUIS) had a unidentified customer, who wanted to purchase approximately four ounces of heroin for $10,000 (U.S. currency).  Further, your affiant believes that LOUIS informed FNU LNU that he needed FNU LNU to supply him (LOUIS) with one and one quarter ounces (1 ¼ oz.) of heroin in order to fulfill the unidentified customer's heroin order.  Your affiant believes that LOUIS articulated these circumstances to FNU LNU by saying, "Listen, I got a nigga (customer) got ten ($10,000) … what I just need from you … uhm, a ounce and a quarter and I'ma pay you for that."  Your affiant believes that FNU LNU asked LOUIS to repeat his heroin order by asking, "What you say?"  Your affiant believes that LOUIS rehashed his plan, which required FNU LNU to supply LOUIS with more heroin by saying, "I said I got a sale … a nigga got ten geez (($10,000), he want four (four ounces of heroin) … but I just need a ounce and a quarter from you … but I'ma need you to bring it right now."  Your affiant believes that FNU LNU sought to confirm the amount of heroin LOUIS needed to fulfill the four ounce heroin sale that he had pending.  FNU LNU asked, "A ounce and a quarter?" Your affiant believes that FNU LNU confirmed the order by saying, "Yeah… I'll just bring one and a quarter over there."  LOUIS agreed and informed FNU LNU that he was ready to receive the order by saying, "Ok, just bring it."

11.     On July 22, 2017, at approximately 3:00 p.m., the wire and electronic intercept monitoring (504) 352-2835 (LOUIS) captured an incoming call from the **Target Telephone** (FNU LNU).  During the intercepted conversation, your affiant believes that FNU LNU asked for LOUIS' whereabouts by asking, "Where you at?" Your affiant believes that LOUIS informed FNU

4

LNU that his arrival to their undisclosed meeting location was being slowed by a traffic jam by saying, "This fucking traffic going slow …I'm about to pull up though." FNU LNU said, "Alright," and the call ended. Your affiant believes that this call confirmed FNU LNU's plan to follow through with the agreement to supply approximately 1 ¼ ounces of heroin to LOUIS.

12. On July 22, 2017, at approximately 4:55 p.m., the wire and electronic intercept monitoring (504) 352-2835 (LOUIS) captured an incoming call from the **Target Telephone** (FNU LNU). Based on the information exchanged during this conversation, your affiant believes that, after FNU LNU delivered approximately 1 ¼ ounces of heroin to LOUIS earlier, LOUIS contacted FNU LNU to deliver an additional 15 grams of heroin, which LOUIS planned to distribute to his customer base. Your affiant believes that LOUIS articulated his heroin order to FNU LNU by saying, "I need mine man … I'm out you know … just bring me mine … my usual … my fifteen." Your affiant believes that FNU LNU agreed to deliver fifteen grams of heroin to LOUIS by saying, "Alright," and the call ended shortly after.

13. On July 22, 2017, at approximately 5:47 p.m., the wire and electronic intercept monitoring (504) 352-2835 (LOUIS) captured an incoming call from the **Target Telephone** (FNU LNU). Based on the information exchanged during this conversation, your affiant believes that FNU LNU arrived at an unspecified location to meet with LOUIS in order to deliver the fifteen grams of heroin that LOUIS requested during the earlier call. During the call, FNU LNU told LOUIS, "I'm outside," and LOUIS ended the call after he told FNU LNU, "Come on."

14. Based upon the information intercepted during the conversations between LOUIS and FNU LNU, which are documented above, your affiant believes that FNU LNU is an unidentified heroin source of supply in New Orleans, LA. Based on call frequency analysis of contacts between (504) 352-2835 (LOUIS) and the **Target Telephone** (FNU LNU) your affiant

believes that LOUIS is supplied heroin by FNU LNU frequently and that their illegal activities are not isolated to the incidents that occurred on July 22, 2017. For instance, between July 14, 2017, and July 22, 2017, your affiant found sixty-eight contacts between LOUIS and FNU LNU. You affiant believes that this high volume of contacts substantiates an ongoing criminal relationship between LOUIS and FNU LNU.

15.    Based upon the foregoing, your affiant submits that there is probable cause to believe that information regarding the physical location of the **Target Telephone**, particularly E-911 Phase II (Precise Location) data, will provide information concerning the whereabouts of FNU LNU, which is relevant to an ongoing criminal investigation into heroin trafficking in New Orleans. It is therefore requested, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order authorizing agents of the DEA to obtain physical location data for the **Target Telephone**, including but not limited to E-911 Phase II (Precise Location) data or other precise location information concerning the telephones, for a thirty day period. Agents intend to utilize E-911 data in conjunction with physical surveillance to assist in locating and positively identifying FNU LNU.

s/ Brian P. Mariana
BRIAN P. MARIANA
Special Agent
Drug Enforcement Administration

Pursuant to Federal Rules of Criminal Procedure 4.1 and 4l(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint,

warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn to and subscribed before me
This 26th day of July, 2017, at 11:30 a.m.,
New Orleans, Louisiana.

_____
HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to be Searched

1. The cellular telephone assigned call number **(504) 669-5549**, whose wireless service provider is Sprint, subscribed to DSGSGS GDASSFSAGFA, at PO BOX 15955, LENEXA, KS 66285 (the "**Target Telephone**").

2. Information about the location of the **Target Telephone** that is within the possession, custody, or control of Sprint, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

## Particular Things to be Seized

All information about the location of the **Target Telephone** described in Attachment A for a period of thirty days, during all times day and night. "Information about the location of the **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (*i.e.*, antenna towers covering specific geographic areas) and "sectors" (*i.e.*, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the **Target Telephone** on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).